# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Chris Gregerson,

                    Plaintiff,

          v.

                                                    **MEMORANDUM OPINION**
                                                    **AND ORDER**
                                                    Civil No. 06-1164 ADM/AJB

Vilana Financial, Inc., a Minnesota
Corporation; Vilana Realty, Inc., a
Minnesota Corporation; and Andrew
Vilenchik, a private individual,

                    Defendants.

_____

Chris Gregerson, *pro se.*

Boris Parker, Esq., Saliterman & Siefferman, P.C., Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

On June 26, 2006, oral argument before the undersigned United States District Judge was

heard on Defendants Vilana Financial, Inc. ("Vilana Financial"), Vilana Realty, Inc. ("Vilana

Realty"), and Andrew Vilenchik's ("Vilenchik") (collectively "Defendants") Amended Motion

to Dismiss [Docket No. 3]. In his Complaint [Docket No. 1], Plaintiff Chris Gregerson

("Gregerson") alleges copyright infringement under 17 U.S.C. § 101. Also before the Court is

Gregerson's Motion to Remand [Docket No. 13]. For the reasons set forth herein, Defendants'

Motion to Dismiss is denied, and Gregerson's Motion to Remand is denied.

## II. BACKGROUND[1]

On January 8, 2004, Gregerson, a professional photographer who sells photographs

_____

[1] In considering a motion to dismiss, the pleadings are construed in the light most
favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.
Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

online, took a photograph of the Minneapolis skyline entitled "Minneapolis Skyline at Night (#2891)" ("Image #2891").  Compl. ¶¶ 6-7, Ex. A.  On January 13, 2004, Gregerson published Image #2891 on his website.  Id. ¶ 7, Ex. B.  Gregerson avers that the presentation of Image #2891 included his website address and a copyright notice.  Id.  Gregerson applied for copyright registration for Image #2891 on June 23, 2005, and received a Certificate of Copyright Registration on January 13, 2006.  Id. ¶ 8, Ex. C.  The application was part of a bulk registration for all of his photographs published in 2004.  Id. ¶ 8.

Defendants[2] published a full-page advertisement in the 2005 Qwest Dex Plus Directory for the Twin Cities that allegedly included Image #2891.  Id. ¶¶ 10-11, Ex. F.  Gregerson avers that the photograph in the advertisement is identical to Image #2891 except that his website address has been removed from the photograph, and a small portion has been cropped from the top edge of the photograph.  Id. ¶ 11, Ex. G.  Additionally, Gregerson avers that Defendants used Image #2891 in web advertisements, print advertisements in a local Russian-language newspaper, advertising brochures, and a local business directory.  Id. ¶¶ 12-13, Ex. H. Gregerson claims that the use of Image #2891 was without his consent or knowledge.  Id. ¶ 14.

Gregerson avers that the pricing policy published on his website sets a higher fee for unauthorized use than use that is authorized in advance, and that his pricing policy is consistent with other online photography websites.  Id. ¶ 9, Ex. D.  In a letter dated June 6, 2005, Gregerson notified Defendants of the fees due for the unauthorized use of Image #2891 in the Qwest Dex

---

[2] Vilana Financial and Vilana Realty offer financial and real estate services to their customers.  Vilenchik is the President and principal shareholder of both Vilana Financial and Vilana Realty.  Defs.' Joint Mem. of Law [Docket No. 4] at 3.  Defendants argue that Vilana Realty was not yet in existence at the time that Vilana Financial purchased the photograph of the Minneapolis skyline.  Id.; Parker Aff. [Docket No. 5] Ex. C.

Plus Directory.  Id. Ex. I.  Defendants have paid no fees to Gregerson.  Id. ¶ 15.

Defendants claim that on March 19, 2004, they lawfully purchased the photograph used in the Qwest Dex Plus Directory.  Defs.' Joint Mem. of Law at 3.  Gregerson was shown a purported sales agreement between Vilana Financial and Michael Zubitskiy.  Compl. ¶ 16, Ex. J. Gregerson asserts that there is no person named Michael Zubitskiy and that Defendants obtained the image from Gregerson's website.  On January 24, 2006, Gregerson hired an investigator to trace Michael Zubitskiy.  Id. Ex. K.  The search revealed no one in the United States with the last name "Zubitskiy."  Id.  On March 27, 2006 Gregerson filed this copyright infringement suit against Defendants.

On June 26, 2006, Vilana Financial filed a Notice of Removal [Docket No. 11] of a defamation and tortious appropriation lawsuit it commenced against Gregerson in state court.  In its state court Amended Complaint, Vilana Financial avers that Gregerson created a website falsely accusing Vilana Financial of intellectual property theft arising from its use of the photograph used in the Qwest Dex advertisement.  Am. Compl. [Docket No. 11].  According to Defendants, at a May 26, 2006 status conference, the parties agreed that Vilana Financial should remove the state court action to this Court for consolidation with Gregerson's copyright infringement case.  Letter to Clerk of Court [Docket No. 11].  Vilana Financial offers a June 14, 2006 Removal Order [Docket No. 11] from Hennepin County District Court Judge Mark S. Wernick, in which Judge Wernick specifically states that Gregerson did not object to Vilana Financial's request to remove the state court action to federal court for consolidation with the copyright infringement action.

On June 30, 2006, Gregerson filed a Motion to Remand [Docket No. 13] the state court

action because removal by a plaintiff is not permitted under 28 U.S.C. §§ 1441 and 1446.

Gregerson offers a letter he wrote to Judge Wernick on June 19, 2006, asserting that Vilana

Financial, as a plaintiff, had no legal basis for removal.  Def.'s Mem. of Law [Docket No. 14]

Ex. 1.  Judge Wernick responded that he signed the removal order because at the May 26, 2006,

hearing, Gregerson expressed no objection to removal so long as his claims were preserved.

Parker 2d Aff. [Docket No. 17] Ex. D [Docket No. 18].  Judge Wernick further stated: "If you

now believe there has been a procedural irregularity regarding the removal order, you will need

to raise that issue in the United States District Court."  Id.  Vilana Financial opposes Gregerson's

Motion to Remand on the basis of Gregerson's prior acquiescence to the removal.

### III. DISCUSSION

**A.      Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to

dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most

favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.

Hamm v. Groose, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn.

1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the

nonmoving party.  Ossman, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a

practical matter . . . only in the unusual case in which the plaintiff includes allegations that show

on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of

Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**B.      Defendants' Motion to Dismiss**

Defendants contend that Vilenchik, the individual defendant, should be dismissed from this action because he is not a party in interest and he is not personally liable for the acts of the corporation.  Defendants also argue that Vilana Realty should not be a party in this lawsuit because Vilana Realty was not involved with obtaining and using the photograph in question.  Finally, Defendants argue that Gregerson's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**1.      Defendants' Motion to Dismiss as to Andrew Vilenchik**

Defendants argue that Vilenchik is not personally liable for the acts of Vilana Financial. They aver that it is well settled that a corporation is a separate and distinct legal entity, and that Gregerson only included Vilenchik as a Defendant because of a personal vendetta.  Additionally, Defendants argue that there is no evidence that Vilana Financial is the alter ego of Vilenchik, and as a result, the Court can not pierce the corporate veil to hold Vilenchik liable for Vilana Financial's actions.  Further, Gregerson has not alleged an alter ego theory of liability.

Gregerson argues that it is premature to dismiss Vilenchik because it is not yet known whether Vilenchik was acting in his capacity as a private individual, President of Vilana Financial, or President of Vilana Realty when the Qwest Dex advertisement was placed. Gregerson further argues that it appears that Vilenchik took Image #2891 from Gregerson's website, cropped out the website address, and used Image #2891 in advertisements for Vilana Financial and Vilana Realty without Gregerson's permission.  As a result, Vilenchik should not be able to use the corporate veil to avoid liability for his misconduct.

Minnesota courts employ a two-step analysis in determining whether an entity is the alter

5

ego of an individual.  United States v. Scherping, 187 F.3d 796, 802 (8th Cir. 1999).  First, the court considers factors illuminating the individual's relationship to the corporation, such as whether the corporation exists as merely a facade for individual dealings.  Barton v. Moore, 558 N.W.2d 746, 749 (Minn. 1997), citing Victoria Elevator Co. v. Meriden Grain Co., 283 N.W.2d 509, 512 (Minn. 1979).  Second, the court considers whether piercing the corporate veil is necessary to avoid injustice or fundamental unfairness.  Id.  However, this Court is also mindful of the liberal notice pleading standards of the Federal Rules of Civil Procedure, of which the essential function "is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved."  N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1056-57 (8th Cir. 2004); see also Fed. R. Civ. P. 8(a).

Gregerson has stated grounds in his Complaint to put Defendants on notice as to the nature of his claim sufficient to withstand Defendants' Motion to Dismiss.  Specifically, Gregerson alleges that Defendants took Image #2891 from Gregerson's website without permission and used it in a Qwest Dex advertisement and a series of other advertisements. Gregerson further alleges that after confronting Defendants about the unauthorized use of Image #2891, Vilana Financial produced a bogus sales agreement between itself and "Michael Zubitskiy," a fictitious individual.  Although Defendants argue that Gregerson has not pled sufficient facts to establish that Vilenchik is personally liable for the acts of Vilana Financial, Gregerson argues that it is not yet known in what capacity Vilenchik was acting when he placed the Qwest Dex advertisement.  To the extent Gregerson has failed to plead sufficient facts as to Vilenchik's personal liability, he may amend his Complaint to do so.  See Fed. R. Civ. P. 15(a). Consequently, Defendants' Motion to Dismiss as to Vilenchik is denied.

**2.      Defendants' Motion to Dismiss as to Vilana Realty**

Defendants argue that Vilana Realty should be dismissed as a party to this action because Vilana Realty never acquired, published, or used the photograph in the Qwest Dex advertisement. Rather, Vilana Realty is a sister company to Vilana Financial, and was incorporated after Vilana Financial submitted the photograph in question to Qwest Dex for publication. Gregerson responds that it would be premature to dismiss Vilana Realty before discovering whether Vilana Realty played a role in publishing the photograph in the Qwest Dex advertisement and additional web advertisements.

It is premature to dismiss Vilana Realty at this time because Vilana Realty's relationship to the photograph in the Qwest Dex advertisement is unclear. Although Defendants have proffered evidence that Vilana Realty was not yet incorporated at the time that Vilana Financial submitted the disputed photograph to Qwest Dex for publishing, Vilana Realty's name and phone number appear in the advertisement along with Vilana Financial's name and phone number. As a result, Defendants' Motion to Dismiss as to Vilana Realty is denied.

**3.      Defendants' Motion to Dismiss for Failure to State a Claim**

Defendants argue generally that the Complaint fails to state a claim upon which relief can be granted. As an initial matter, Defendants argue that Gregerson applied for and obtained copyright registration for Image #2891 after the advertisements were published. Nonetheless, Defendants argue that even if Image #2891 is copyrighted, Vilana Financial's use of the photograph was "fair use" under 17 U.S.C. § 107. Gregerson responds that fair use is an affirmative defense to copyright infringement and can not be used to support a motion to dismiss for failure to state a claim. Gregerson further argues that Defendants' use of the photograph was

commercial and was not fair use.

17 U.S.C. § 107 states:

[T]he fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright.  In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

Defendants argue that their use of the photograph in the Qwest Dex advertisement was not for a commercial purpose because it was only intended to inform potential customers that Defendants conduct business in both Minneapolis and St. Paul, and they did not try to reproduce, sell, or distribute the photograph.  Defendants also argue that the photograph qualifies for less protection because it was published on the World Wide Web, the amount of use of the photograph was minor, and the use of the photograph has actually enhanced Gregerson's business by providing him free publicity.  Gregerson responds that the Defendants' use of the photograph fails the four-factor fair use test: Defendants' use was for a commercial purpose because Defendants were advertising the services of a for-profit corporation; the photograph is a creative visual work, afforded the highest degree of copyright protection; the entire photograph was used in the advertisement except for cropped out portions along the top and bottom of the photograph; and the widespread exposure of the photograph diminished its market value for other uses.

As an initial matter, the purposes giving rise to fair use do not appear to apply here, as Defendants did not use the photograph for criticism, comment, news reporting, teaching scholarship, or research.  A cursory examination of the factors to consider in a fair use analysis

suggests that Defendants' use of the disputed photograph was not fair use.  Here, Defendants used the photograph in an advertisement that made their presence and services known to the general public, which is a commercial use.  See Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 562 (1985) ("The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price.").  In addition, Image #2891 was not offered for free and was posted for sale on Gregerson's website.  Also, nearly the entirety of the disputed photograph was used in the Qwest Dex advertisement.  Gregerson avers that he did not receive any licensing fee from Defendants, and that the widespread exposure to his photograph diminished its market value.  See id. at 568 ("[T]o negate fair use one need only show that if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work.").  Taking the allegations in the Complaint as true, it does not appear that Defendants' use of the disputed photograph was fair use.  A thorough analysis of the fair use factors is unnecessary at this time because Gregerson has succeeded in stating a claim for copyright violation sufficient to survive Defendants' Motion to Dismiss.

The Court declines to dismiss the Complaint on the grounds advanced by Defendants at this early stage of the proceedings.  Gregerson has adequately noticed his cause of action in the Complaint, and should be allowed discovery to prove his claims.  Questions remain for discovery, including how the photograph came to be in Vilana Financial's possession.  Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that the pleadings be construed in the light most favorable to the nonmoving party.  Gregerson's claim seeks damages for the use of his

9

photograph, which he contends was a violation of federal copyright law.  Gregerson at this early juncture has made sufficient arguments to sustain his cause of action.  Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is denied.

**C.      Plaintiff's Motion for Remand**

Gregerson moves to remand the defamation and tortious appropriation lawsuit initiated by Vilana Financial back to state court on the basis that removal by Vilana Financial, the Plaintiff in the state court action, is not permitted under 28 U.S.C. §§ 1441 and 1446.  Vilana Financial opposes remand based on Gregerson's previous acquiescence to removal.  It has long been the law, as a matter of statutory interpretation, that only defendants, not plaintiffs, may exercise removal.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-08 (1941). However, in this case, Gregerson has waived the right to object to Vilana Financial's removal because he previously acquiesced to removal at a status conference before Judge Wernick as long as his rights were preserved.  The Court has diversity jurisdiction over the state court action.  From the standpoint of judicial economy, the two cases should be consolidated because they involve the same parties and derive from a common nucleus of operative facts.  As a result, Gregerson's Motion to Remand is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 3] is **DENIED**; and

2. Plaintiff's Motion to Remand [Docket No. 13] is **DENIED**.

BY THE COURT:


 s/ Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 16, 2006

11