UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | | |
|---|---|---|
| Chris Gregerson | ) | No.: 06-cv-01164 (ADM/AJB) |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIF'S MEMORANDUM** |
| Vilana Financial, Inc., a Minnesota | ) | **OF LAW OPPOSING** |
| Corporation; Vilana Realty, Inc., a | ) | **MOTION TO LIMIT** |
| Minnesota Corporation, and | ) | **DISCOVERY AND TO** |
| Andrew Vilenchik, a private | ) | **QUASH SUBPOENAS** |
| individual, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

_____

## INTRODUCTION

The defendants have moved to limit discovery to exclude the issue of whether or not defendant Andrew Vilenchik forged the signature of Michael Zubitskiy on the "Zubitskiy photo agreement", exhibit "A" in Vilana Financial's defamation lawsuit and also exhibit "J" in the Plaintiff's complaint. Several of the the Plaintiff's subpoenas seek records that would demonstrate there is no such person as Michael Zubitskiy, supporting the Plaintiff's argument that the signature of Zubitskiy was forged.

## RELEVANCE

The defendants have claimed in their Answer that Michael Zubitskiy took the photo the Plaintiff claims to be his, and they deny Gregerson owns the copyright (See Vilana's JOINT AND SEPARATE ANSWER AND COUNTERCLAIM at ¶ 20 and ¶ 21). Also, the Answer at ¶ 53, describes the defendant's use of the Plaintiff's photo as "...lawful use based

on the photographs purchase from a third party". Andrew Vilenchik, when deposed earlier this year, stated that "Michael Zubitskiy" is the true photographer of the Plaintiff's image. The Plaintiff seeks discovery to show the defendants did not lawfully purchase the photograph from Micheal Zubitskiy, and Michael Zubitskiy is not the true photographer of the image.

Further, Andrew Vilenchik has previously moved to be excluded as a defendant because he is not personally liable for use of the Plaintiff's photo while engaged in his duties as a corporate officer of Vilana Financial, Inc. The Plaintiff holds Mr. Vilenchik personally liability based on his fabrication/forgery of the Zubitskiy photo agreement, and act of corporate fraud. The Plaintiff seeks discovery to prove this allegation and hold Mr. Vilenchik personally liable for copyright infringement

### CHALLENGES TO AND DEFENSES OF THE ZUBITSKIY PHOTO AGREEMENT IN THE PLAINTIFF'S COMPLAINT AND THE DEFENDANT'S ANSWER AND COUNTERCLAIMS

The Plaintiff's federal Complaint for infringement claims the photo published by the Defendants was created by, and belongs to, the Plaintiff, and challenges the defendant's claim that the photo was taken by Michael Zubitskiy, who they lawfully purchased the photo from (Complaint at ¶ 16,17,18). It alleges at ¶ 18 that "...the Defendant(s) obtained image #2891 from the Plaintiff's website, not Michael Zubitskiy".

In their answer, the Defendant's assert that the Zubitskiy photo agreement constitutes their lawful purchase of the photo at ¶ 19 ("...Defendants purchased and paid for the photograph...") and ¶ 39 ("In March, 2004, Vilana Financial purchased a photograph of the Minneapolis skyline and the St. Paul Skyline for use in it's 2005/2006 advertising with Qwest Dex. The photograph claimed to be owned by Gregerson is that of the Minneapolis

skyline".). Although Zubitskiy is not named, at ¶ 41 the Answer says the photo Gregerson says is his was purchased on "March 19th, 2004" – this is the date the Zubitskiy photo agreement was signed. The Answer at ¶ 44 says "Having lawfully procured a number of photographs for website development use from a third party in March of 2004, including the photograph allegedly owned by Gregerson".

The defendant's counterclaims also involve the issue of the Zubitskiy photo agreement being forged, as those claims are based on Gregerson's webpage about Vilana and allege this webpage is defamatory; see Count one, Deceptive Trade Practices, at ¶ 58(b), and Count five, Injunction, at ¶ 74(b). The webpage alleges that Vilana Financial/Andrew Vilenchik forged the Zubitskiy photo agreement, and Gregerson is entitled to discovery to prove this allegation/disprove their claim of defamation.

In addition, Vilana Financial's earlier complaint for defamation (filed in state court and now joined with the current federal litigation) at ¶ 4, states "On or about March 19th, 2004, Plaintiff acquired a photograph to be used for advertising and promotional purposes from Michael Zubitskiy, for which Plaintiff paid Mr. Zubitskiy $850.00 (See Exhibit A)". This case was joined to the federal litigation based on a "common nucleus of operative facts". This would include facts about Michael Zubitskiy, which are central to both cases.

The only conceivable means of removing these matters from discovery would be a stipulation by the defendants that (1) the disputed photo was taken by Chris Gregerson and not Michael Zubitskiy, (2) they did not buy the Plaintiff's photo from Michael Zubitskiy, lawfully or otherwise, (3) Andrew Vilenchik accepts personal liability for his role in the infringement of the Plaintiff's copyright, and (4) the counterclaims are amended to indicate that Gregerson's accusation that the Zubitskiy photo agreement was forged is not

defamatory or actionable. Barring that, the defendant's forgery of the Zubitskiy photo agreement, whether or not Zubitskiy took the disputed photo, and whether or not there even is a person named "Michael Zubitskiy" are not only relevant but central to this litigation.

Respectfully submitted,

Dated: November 22nd, 2006    By:    /s/ Chris Gregerson
Chris Gregerson, *pro se*
counterclaim defendant
150 N Green Ave.
New Richmond, WI 54017
Telephone: 612-245-4306