UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Chris Gregerson,                                                    No. 06-CV-01164 (ADM/AJB)

                                            Plaintiff,

vs.                                                        **MEMORANDUM OF LAW IN
                                                            SUPPORT OF MOTION OF
Vilana Financial, Inc. a Minnesota                    VLADIMIR KAZARYAN JOINING IN
Corporation; Vilana Realty, Inc. a                        DEFENDANTS' MOTION
Minnesota Corporation; and Andrew                          TO QUASH SUBPOENA**
Vilenchik, a private individual,

                                            Defendants.
_____

        Plaintiff has served a subpoena on Vladimir Kazaryan – a non-party witness in this

matter – to testify at a deposition.  The deposition was scheduled for November 13, 2006,

but has been indefinitely postponed pending the outcome of Defendants' Motion to Limit

Discovery and Quash Depositions.

        Mr. Kazaryan was already deposed by the Plaintiff in a state court matter, *Vilana

Financial, Inc. v. Chris Gregorson*, Hennepin County District Court Case No. MC 05-

016185 (the "state court case"), which case has been subsumed into this one as

Defendants' counterclaim.  The Plaintiff recognizes this combining of matters at page 3

of his Memorandum of Law Opposing Defendants' Motion to Limit Discovery (Docket

Document No. 62).

        The undersigned has requested the Plaintiff to state the  additional subjects on

which he proposes to depose Mr. Kazaryan  beyond those which were covered in the

deposition in the state court case. *See Rule 37 Certification of Stephen H. Parsons and*

*Exhibit 1 thereto.*   The Plaintiff has refused to make any meaningful response to that request.  The state court deposition was not continued, and Plaintiff indicated that he had covered what he needed to in the deposition:

> MR. GREGORSON:        I'm close to being done.
>
> MR. SMITH:              Okay.
>
> MR. GREGORSON:        I just want to – I'd like to take a
> moment to reflect if I've missed anything.
>
> (WHEREUPON, a short break in the proceedings was taken.)
>
> BY MR. GREGORSON:
> Q.     I think there's just one thing that I'd like to clarify. …

*Deposition of Vladimir Kazaryan*, Feb. 6, 2006, p. 26, lines 11-21,  Exhibit 1 to Affidavit of Vladimir Kazaryan.

Mr. Kazaryan has stated in his Affidavit that another deposition will be a financial hardship on him and that he believes that the Plaintiff is trying to harass him until he gives testimony that Plaintiff deems beneficial to his claim.

Rule 30(a)(ii)(B) of the Federal Rules of Civil Procedure provides that a party must obtain leave of court to depose a witness who has already been examined.  For all practical matters, and by Plaintiff's own admission, Mr. Kazaryan was already deposed in this matter as it relates to Defendant's counterclaim.  Plaintiff has made no representation of limitations in the scope of his deposition or particularizing the matters upon which he intends to question Mr. Kazaryan.  Under such circumstances, it is appropriate to quash the subpoena.  *Innomad Labs, LLC v. Alza Corp.,* 211 F.R.D. 237 (S.D.N.Y. 2002), *Karim v. Staples, Inc.,* 210 F. Supp. 2d 737 (D.Md. 2002).

The fact that Plaintiff has threatened to name Mr. Kazaryan as a party simply because his notarial stamp and signature appear on a document without any accompanying statement is further evidence of his bad faith in noticing this deposition. He has shown no basis for showing that the further deposition would discover or lead to discovery of relevant and admissible documents or testify.

For the foregoing reasons, the Motion to Quash should be granted.

Respectfully submitted,

**MANSFIELD, TANICK & COHEN, P.A.**

Date:  November 28, 2006

By:   s/ Stephen H. Parsons
Stephen H. Parsons (84219)
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402-4511
(612) 339-4295
**ATTORNEYS FOR
VLADIMIR KAZARYAN**